UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEREK SCOTT WILLIAMS PLLC, DEREK SCOTT WILLIAMS REAL ESTATE LLC, CKN FITNESS LAKE WYLIE LLC, CKN FITNESS STEELE CREEK LLC d/b/a ORANGETHEORY FITNESS, SNUGBAR LLC d/b/a TIR NA NOG, MICNAN, INC d/b/a ACE MITCHELL BOWLERS MART, TOP NOTCH PERFORMANCE LLC, and TOP NOTCH PERFORMANCE FIT, LLC, on behalf of themselves and all others similarly situated,<br><br>                          Plaintiffs,<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANY and THE CINCINNATI CASUALTY COMPANY<br><br>                          Defendants. | Civil Action No. 20-cv-2806 |

### *AMENDED* JOINT UNOPPOSED MOTION TO STAY AND ADMINISTRATIVELY CLOSE CASE

In light of this Court's October 7, 2021 Minute Entry, and for the reasons set forth below, the parties' submit this Amended Joint Motion to Stay and respectfully request that the Court stay and administratively close this matter for one-hundred and eighty (180) days, during which time the parties will file a joint status report every 30 days. Counsel for the parties have met and conferred about this motion.[1] As detailed below, good cause exists for the requested stay because it will conserve the parties' and the Court's resources and allow for a more efficient and orderly completion of this matter. *See, e.g., Rogers v. Ameriprise Fin. Servs., Inc.*, 2008 WL 4826262, at

---

[1] Plaintiffs Top Notch Performance LLC, and Top Notch Performance Fit, LLC do not join in this Motion. Those Plaintiffs will promptly seek to voluntarily dismiss their claims without prejudice.

*2 (N.D. Ill. Nov. 4, 2008) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (it is well settled that courts may stay proceedings in the interests of "'economy of time and effort for itself, for counsel, and for litigants.'"); *Donets v. Vivid Seats LLC*, 2020 WL 9812033, at *1 (N.D. Ill. Dec. 5, 2020) ("District courts have the inherent power to control their own dockets, including the power to stay proceedings before them."); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues.").

Following the Court's recent ruling on Plaintiffs' Motion to Compel, and Defendants' additional production of documents in compliance with same, written discovery will be complete as of October 15, 2021. But many party depositions and expert discovery have not yet begun. Given the current status of this matter, and the pendency of the appeals described below, the parties believe this is a logical point in time to stay this matter.

As the Court is aware, more than a thousand cases like this one in which insureds seek coverage for COVID-related losses under property insurance policies have been filed since early 2020. There are now more than 190 appeals pending in federal circuit courts, and more than 60 appeals in state courts, that involve the same or very similar issues of law that are at the core of Plaintiffs' claims here. These include more than 20 appeals in which Defendants are parties and appeals that turn upon the laws of every state in which a Plaintiff in this case is located, some of which are already fully briefed. Appeals in the Sixth, Eighth, Ninth and Eleventh Circuit Courts of Appeal have been decided in recent weeks and it appears that many more appellate decisions, including from the Ohio Supreme Court, will be issued in the near future.[2]

---

[2] *Santo's Italian Café LLC v. Acuity Ins. Co.*, 2021 WL 4304607 (6th Cir. Sep. 22. 2021); *Oral Surgeons, P.C. v. Cincinnati Ins. Co.*, 2 F.4th 1141 (8th Cir. 2021); *Mudpie, Inc. v. Travelers Casualty Ins. Co.*, 2021 WL 4486509 (9th Cir. Oct. 1, 2021); *Gilreath Family & Cosmetic*

Even if not dispositive of this case, the decisions in these appeals will at a minimum shape the factual and legal issues that will need to be addressed in depositions and expert testimony here. Those decisions will likewise shape the issues in class certification and dispositive motion briefing and arguments. Given this reality, the parties believe that the requested stay will avoid the unnecessary expenditure of the parties' and the Court's resources in the likely event that developments in the appellate courts will require the amendment of pleadings, the supplementation or amendment of briefing already filed and expert reports already then prepared, or the reopening of depositions already taken.

This motion is not made for purposes of delay and will work no unfair prejudice on any party.

## **Conclusion**

For all of these reasons, the parties' Amended Joint Unopposed Motion to Stay and Administratively Close Case should be granted.

| | |
|---|---|
| */s/ Michael P. Baniak* | */s/ Linda P. Nussbaum* |
| Daniel G. Litchfield | Linda P. Nussbaum |
| Brian M. Reid | Bart D. Cohen |
| Michael P. Baniak | NUSSBAUM LAW GROUP, P.C. |
| LITCHFIELD CAVO, LLP | 1211 Avenue of the Americas, 40th Floor |
| 303 West Madison Street | New York, NY 10036 |
| Suite 300 | (917) 438-9102 |
| Chicago, IL 60606 | lnussbaum@nussbaumpc.com |
| Litchfield@LitchfieldCavo.com | bcohen@nussbaumpc.com |
| Reid@LitchfieldCavo.com | |
| Baniak@LitchfieldCavo.com | James E. Cecchi |
| Phone: (312) 781-6669 (Litchfield) | Lindsey Taylor |
| | CARELLA, BYRNE, CECCHI, OLSTEIN, |
| Michael K. Farrell | BRODY & AGNELLO, P.C. |
| BAKER & HOSTETLER LLP | 5 Becker Farm Road |
| 127 Public Square | Roseland, NJ 07068 |

---

*Dentistry, Inc. v. Cincinnati Ins. Co.*, 2021 WL 3870697 (11th Cir. Aug. 31, 2021); *Neuro-Communication Servs., Inc. v. Cincinnati Ins. Co.*, Case No. 2021-0130 (Ohio).

| | |
|---|---|
| Suite 2000<br>Cleveland, OH 44114-1214<br>Phone: (216) 621-0200<br>mfarrell@bakerlaw.com<br><br>*Attorneys for Defendants The Cincinnati Casualty Company and The Cincinnati Insurance Company* | (973) 994-1700<br>jcecchi@carellabyrne.com<br>ltaylor@carellabyrne.com<br><br>*Counsel for Plaintiffs and the Proposed Class* |

4826-0056-7550.1